UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHARLES D. GOLDBERG,<br><br>               Plaintiff,<br><br>v.<br><br>NORTHWEST TRUSTEE SERVICES, INC. and WELLS FARGO HOME MORTGAGE,<br><br>               Defendants. | Case No. 1:15-cv-00216-CWD<br><br>**ORDER** |

**INTRODUCTION**

The Clerk of Court conditionally filed pro se Plaintiff Charles Goldberg's complaint as a result of his in forma pauperis request. Pursuant to 28 U.S.C. §1915, this Court must review Plaintiff's in forma pauperis complaint to determine whether it may be summarily dismissed. Plaintiff's complaint is subject to dismissal because his complaint fails to state a claim upon which relief can be granted. But because Plaintiff, the only party appearing in this case, has not consented to the jurisdiction of a United States

Magistrate Judge to enter final orders in this case,[1] the Court enters the following order directing the Clerk of the Court to reassign this matter to a District Judge for consideration of an order dismissing the Complaint, or alternatively requiring Plaintiff to pay the filing fee to proceed.

## BACKGROUND

Plaintiff is suing Northwest Trustee Services, Inc., and Wells Fargo Home Mortgage for alleged violations of the Fair Debt Collection Practices Act and for "Identity Theft." From what the Court can glean from the complaint, it appears Northwest and Wells Fargo have initiated foreclosure proceedings against Plaintiff's personal residence. The complaint has attached to it a Deed of Trust, executed by borrower Charles Goldberg, "a married man as his sole and separate property," and noting the Lender as Wells Fargo Financial Idaho, Inc. Wells Fargo loaned $118,560.66 on December 5, 2007, which debt was secured by Plaintiff's residence located at 480 B Avenue East, in Wendell, Idaho. The Deed of Trust indicated Lender could accelerate payment of the indebtedness upon Borrower's default, or invoke the power of sale as a remedy for default.

The complaint indicates that, "at some time after the mortgage was recorded," Defendants began attempting to foreclose under the terms of the mortgage. Written communications began in July of 2013, between Plaintiff and Defendants. Plaintiff alleges that Defendants falsely represented they held the note, had the right to foreclose,

---

[1] *See United States v. Real Property*, 135 F.3d 1312, 1316 (9th Cir. 1998) (holding that in an in rem civil forfeiture action wherein the plaintiff consented, the magistrate judge had jurisdiction to enter a final judgment over a defaulted person who was technically not a "party" to the litigation); *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (reasoning that unserved defendants are not parties).

ORDER - 2

would sell Plaintiff's property at public auction, and that they each issued false documents to him. Plaintiff alleges also that Defendants, beginning on July of 2013 and continuing through May of 2015, obtained records through the public domain that pertain to Plaintiff's property and used the records to "participate in a public auction of the plaintiff's home." Plaintiff contends that Defendants induced him to divulge his tax records and other private information, and "falsely presented" themselves to obtain his property.

Based upon these allegations, Plaintiff asserts one count against each Defendant for violation of the FDCPA, and one count for identity theft against each Defendant. Plaintiff seeks money damages and reimbursement of costs and attorney fees associated with defending against the foreclosure process.

## DISPOSITION

Pro se complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Therefore, because Plaintiff proceeds pro se, the Court will construe his pleadings liberally and afford him the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). The Court must dismiss a complaint or any portion thereof which states a claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

If a complaint fails to state a claim, the court must grant the plaintiff leave to amend, "even if no request to amend the pleading was made, unless [the court]

determines that the pleading could not possibly be cured by the allegation of other facts."
*Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir.
1990). Indeed, a dismissal without leave to amend is improper unless it is beyond doubt
that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573
F.3d 728, 737 (9th Cir. 2009). "In determining whether a complaint is frivolous, a court is
*not* bound, as it usually is when making a determination based solely on the pleadings, to
accept without question the truth of the plaintiff's allegations." *See Denton v. Hernandez*,
504 U.S. 25, 32 (1992) (emphasis in original). The Court may find a complaint factually
frivolous "when the facts alleged rise to the level of the irrational or the wholly
incredible, whether or not there are judicially noticeable facts available to contradict
them." *See id.*; *see also O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (holding
complaint submitted *in forma pauperis* "is frivolous if it has no arguable basis in fact or
law").

1.      **In Forma Pauperis Request**

All parties instituting any civil action, suit, or proceeding in a district court of the
United States, except an application for a writ of habeas corpus, must pay a filing fee of
$400.00. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to
prepay the entire fee only if the plaintiff is granted leave to proceed in forma pauperis
pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir.
2009). Motions to proceed in forma pauperis are addressed to the sound discretion of the
District Court. *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981), *cert.*

*denied*, 455 U.S. 958 (1982). Where the moving party fails to establish poverty, it is within the discretion of the court to deny the motion to proceed in forma pauperis. *Id*.

Plaintiff filed a complaint against Northwest Trustee Services, Inc., and Wells Fargo Home Mortgage Company, because of their "attempted foreclosure of plaintiff's property." Compl. at 4, 7, 8. Plaintiff indicates he owns a home at 480 B Avenue E., in Wendell, Idaho. In Forma Pauperis Application (Dkt. 1 at 3); Deed of Trust (Dkt. 2-1 at 2.)  In his IFP request, he indicates he pays home-mortgage payments of $983 per month, and his monthly expenses (including his home mortgage payment) are $1,713.00. His income consists of social security and disability payments totaling $2,120 per month, and he has $110.00 in cash and $53.00 in his checking account. The acknowledgement on the Deed of Trust attached to his complaint indicates Plaintiff signed the deed before a notary as "a married man," yet he failed to list the average monthly income of his spouse on his IFP application. Further, if Plaintiff is indeed facing foreclosure proceedings as his complaint represents, the only way he can be in that predicament is for non-payment of his mortgage payment of $983 per month.

Based upon the above, the Court therefore recommends that Plaintiff's IFP request be denied, and that he pay the full filing fee before he may be allowed to proceed. Alternatively, because Plaintiff's complaint does not state a claim under the FDCPA, his IFP request should be denied and his complaint dismissed.

## 2.    Fair Debt Collection Practices Act

Plaintiff alleges a violation of the Fair Debt Collection Practices Act ("FDCPA"). It appears Plaintiff claims that Defendants Northwest Trustee Services and Wells Fargo

Home Mortgage engaged in unfair and deceptive collection practices in violation of the FDCPA, because they both began attempting to foreclose on the mortgage and asserted rights to foreclosure.

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C.A. § 1692. But the "activity of foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the" FDCPA. *Hulse v. Ocwen Fed. Bank, FSB*, 195 F.Supp.2d 1188, 1204 (D. Or. 2002). And lenders and mortgage companies are not "debt collectors" within the meaning of the FDCPA when participating in foreclosure proceedings. *Ines v. Countrywide Home Loans, Inc*., Case No. 08cvl267 WQH (NLS), 2008 WL 2795875, *3 (S.D. Cal. July 18, 2008) (citing *Williams v. Countrywide*, 504 F.Supp.2d 176, 190 (S.D.Tex.2007) ("Mortgage companies collecting debts are not 'debt collectors.'").

The term "debt collectors" refers to "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The term does not include "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." *Id*., § 1692a(6) (A). Mortgage companies collecting debts are not "debt collectors." *Perry v. Stewart Title Co*., 756 F.2d

1197, 1208 (5th Cir. 1985) (noting that the legislative history of the act indicates that a "debt collector" does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned).

In this case, Plaintiff does not allege any facts in support of his allegations that either Defendant qualifies as a "debt collector," or that either Defendant engaged in "debt collection activity" as that has been defined by the above authorities. According to the complaint, Defendants were attempting to foreclose under the terms of the mortgage and deed of trust. But, the lender, and the servicer of the loan, do not qualify as debt collectors under the FDCPA. *Caballero v. Ocwen Loan Serv.*, Case No. C–09–01021 RMW, 2009 WL 1528128, at *1 (N.D.Cal. May 29, 2009); *see also  De Dios v. Internat'l Realty & Investments*, 641 F.3d 1071, 1074–75 and n. 3 (9th Cir. 2011) (explaining that a debt collector does not include the creditor who originated the debt, or "mortgage service companies and others who service outstanding debts for others," if the debt was not in default at the time they acquired the servicing rights).

This Court has decided several similar claims alleging violations of the FDCPA asserted against mortgage companies, mortgage servicers, trustees, and beneficiaries of a deed of trust exercising their right to foreclose on real property for nonpayment of an underlying mortgage debt. All such claims have been dismissed. *See, e.g.*, *Purdy v. Aegis Wholesale Corp.*,  No. 1:11–cv–00640–EJL–REB, 2012 WL 4470945 *8 (D. Idaho Aug. 17, 2012) ("the FDCPA does not apply to actions taken by lenders or their agents in foreclosing on a lenders' security interest," and citing cases); (*Homeyer v. Bank of*

*America, N.A.,* No. 1:12–cv–00021–EJL–CWD, 2012 WL 4105132 (D. Idaho Aug. 27, 2012) (dismissing claims brought under the FDCPA against loan servicer); *Armacost v. HSBC Bank USA*, No. 10–CV–274–EJL–LMB, 2011 WL 825151 (D. Idaho Feb. 9, 2011) (non-judicial foreclosure action generally does not constitute a debt collection activity under the FDCPA).

As currently drafted, Plaintiff's complaint fails to state a claim under the FDCPA. Accordingly, Plaintiff should not be allowed to proceed on any claim against these Defendants based upon the FDCPA. Further, based upon the above authorities, the Court recommends that no leave to amend be granted to Plaintiff.

**3.      Claims for Identity Theft**

Plaintiff's two remaining claims against Defendants allege "identity theft," and appear to arise under state law because Plaintiff cursorily invokes diversity jurisdiction as the basis for this Court's jurisdiction. Plaintiff fails to state any state or federal statute, however, Defendants may have violated. The basis for Plaintiff's claims are that Defendants "willfully, falsely presented itself and impersonated itself to the plaintiff as another person to obtain the plaintiff's property for purposes not permitted by law or agreement." However, the property taken appears to include records from the public domain, and requests for Plaintiff's tax records and a credit report inquiry, which apparently led Defendants to initiate foreclosure proceedings.

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). It is both a federal and state crime to assume a false identity and commit theft. *See* 15 U.S.C. § 1681c-1; 18 U.S.C. §§ 1028(a)(7) and 1028A; Idaho Code § 18-2403; 18-3126.

Although there is no civil cause of action for "identity theft," courts confronting such a claim often construe it as a claim for conversion of intangible personal property. *See  CTC Real Estate Servs. v. Lepe*, 140 Cal.App.4th 856, 860–61, 44 Cal.Rptr.3d 823 (2006) ("One's personal identifying information can be the object of theft.") (quotation marks and citations omitted). The elements of a claim for conversion of personal property[2] in Idaho are: (1) that the charged party wrongfully gained dominion of property; (2) that property is owned or possessed by plaintiff at the time of possession; (3) the property in question is personal property; and (4) resulting damages. *Medical Recovery Servs., LLC v. Bonneville Billing and Collections, Inc*., 336 P.3d 802, 807 (Idaho 2014).

However, Plaintiff fails to state a claim sufficient under Rule 8. The complaint indicates the information Defendants "took" came from public records. Defendants obtained also a credit report and requested Plaintiff to voluntarily release information such as tax records. Further, it appears that the only damages Plaintiff suffered, or will suffer, is foreclosure of his home. *See Pineda v. GMAC Mortg., LLC*, No. CV 08-5341 AHM (PJWx), 2008 WL 5432281 at *9 (C.D. Cal. Dec. 29, 2008) (Plaintiff failed to state a cause of action for identity theft based upon an allegation that defendants took his

---

[2] Idaho Courts have not yet determined whether the conversion of intangible property other than a negotiable instrument (such as a check) constitutes a claim under Idaho law. *Medical Recover Servs., LLC,* 336 P.3d at 807.

**ORDER  - 9**

personal information without his consent and used it for profit and have caused damage to the plaintiff's financial reputation). The facts as stated do not rise to the level of conversion, and do not state a claim that survives Rule 8.[3]

# ORDER

Because the undersigned Magistrate Judge lacks the authority to enter final orders in this case, the Clerk is directed to reassign this matter to a District Judge for review and consideration of an order dismissing Plaintiff's complaint, and determining whether Plaintiff should be granted leave to amend.

Dated: **June 29, 2015**

Honorable Candy W. Dale
United States Magistrate Judge

---

[3] Based upon the facts, it does not appear Plaintiff would be able to amend his claim to assert conversion given Defendants obtained the personal information from public records, which presumes public access by anyone, and asked for Plaintiff to voluntarily give them his tax and other information.

**ORDER  - 10**